**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| T.D. DeMILLS, | ) |
|     Plaintiff, | ) |
|     v. | )   No. 07 C 5122 |
| JEROME DAVIS, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

Before the court is plaintiff's motion to remand. For the reasons explained below, plaintiff's motion is granted.

**BACKGROUND**

T.D. DeMills filed a complaint for "Intentional [Tortious] Interference with Contract" against defendant Jerome Davis on May 1, 2007 in the Circuit Court of Cook County, Illinois. The complaint alleges that for a period of several years DeMills provided legal services to a religious organization identified in the complaint only as the "Conference." (Pl. Compl. ¶ 5.) DeMills alleges that Davis, shortly after assuming the office of president of the Conference in 2005, demanded confidential information concerning "individuals and matters which [DeMills], in the exercise of his professional duty and good conscience, could not and therefore refused to divulge." (Pl. Compl. ¶ 8.) DeMills goes on to allege, somewhat ambiguously, that Davis "*attempted to assert*

*a right*, by reason of his purported position as President of the Conference, to require that Plaintiff, an attorney at law, seek Defendant's permission and approval before accepting members of the Conference as clients." (Pl. Compl. ¶ 11 (emphasis added).)[1] The complaint requests damages "in an amount in excess of $50,000," punitive damages and attorneys fees and costs. (Pl. Compl. at 6.) On June 23, 2007, Davis was personally served with the complaint. (Pl. Mot. to Remand ¶¶ 2-3.) After Davis failed to answer or enter an appearance before the return date, the Circuit Court scheduled a prove-up hearing for August 14, 2007. (Id. at ¶¶ 4-5.) On that date, Davis' attorney appeared and the Circuit Court permitted Davis to answer or otherwise plead on or before September 11, 2007. (Id. at ¶ 6.) Davis filed his notice of removal on that date — approximately 80 days after receiving the complaint — citing diversity of citizenship and DeMills' request for damages "in excess of $50,000," plus punitive damages. (Notice of Removal at ¶ 4.) DeMills did not file his motion to remand until November 13, 2007.

**DISCUSSION**

**A. The Timeliness of Defendant's Removal Notice**

DeMills points out that Davis filed his removal notice well outside the 30-day period set forth in 28 U.S.C. § 1446(a). Id.

---

[1]/ The complaint does not indicate any connection between Davis' demand for confidential information and his alleged position with respect to representing individual Conference members.

("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by plaintiff, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based . . . ."). But DeMills objects too late: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). DeMills filed his remand motion more than three months after Davis filed his removal notice. Accordingly, he forfeited his objection.[2] See Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 1994) (Where fewer than all defendants joined the removal notice: "[t]his defect in the removal process could have justified a remand, but because 30 days passed without protest — and the problem does not imperil subject-matter jurisdiction — the case is in federal court to stay."). However, DeMills also claims that the jurisdictional amount is not satisfied in this case. Because this objection is not time-barred (see § 1447(c)), we will address it now.

**B. Whether Subject Matter Jurisdiction was Established at the Time of Removal**

---

[2/] In the event, we conclude *infra* — as we did after the parties' Rule 16 conference — that the "wording of the complaint is insufficient to identify claims that would be likely to generate damages sufficient to meet the jurisdictional requirement." See Docket Entry # 11. Defendant's notice of removal was not late, it was premature. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable . . . .").

"[T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006). But as our Court of Appeals has observed, "[t]hat is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006). There are a number of ways that removing defendants can satisfy their burden, including "by calculation from the complaint's allegations." See Meridian Security, 441 F.3d at 541-42. Once the defendant has established the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional amount." Id. at 542.

Davis argues that the alleged size of the Conference's membership — "27,500 individuals, 110 churches, 65 ministers, and over 100 employees" — "reasonably suggest[s] that plaintiff could be awarded damages exceeding" $75,000.[3] (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand and for Default J. (hereinafter, "Def. Opp'n"), at ¶ 12.) But we do not know what type of legal business

---

[3] DeMills requests damages "in excess of $50,000," but $50,000.01 would meet this criterion and still not satisfy the jurisdictional amount.

DeMills anticipates soliciting from church members.  Cf. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (calculating the plaintiff's potential recovery under the Telephone Consumer Protection Act based upon available statutory damages and number of fax advertisements sent by the defendant).  The Conference's size is even less probative given that DeMills alleges only that Davis "*claimed authority* to dictate who within the membership of the Conference [DeMills] could represent as legal counsel."  (Pl. Compl. ¶ 11 (emphasis added); see also id. ("Defendant attempted to assert a right" to control DeMills' access to Conference members.).)  While the entire Conference is implicated by Davis' alleged position, it is unclear from the complaint how many Conference members (if any) Davis has actually contacted or are aware of his position.  Davis could have served contention interrogatories in the Circuit Court to pin down plaintiff's claim before removing to federal court, see Meridian, 441 F.3d at 541, but he chose not to do so.  Instead, he filed his removal notice on the eve of the pleading deadline (which the Circuit Court had already extended once), apparently without conducting any investigation at all.  We conclude that Davis' estimate that the amount in controversy exceeds $75,000 — based only on the alleged size of the Conference — is neither plausible nor supported by a preponderance of the evidence.

In his notice of removal (but not in his opposition to defendant's remand motion), Davis suggests that DeMills' request for punitive damages may satisfy the jurisdictional amount. "Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." Anthony v. Security Pacific Fin. Serv., Inc., 75 F.3d 311, 315 (7th Cir. 1996) (internal citations and quotation marks omitted). Punitive damages may be awarded for tortious interference, id. at 316-17, but the "Illinois Supreme Court has consistently stated that punitive damages are not favored in the law." Curt Bullock Builders, Inc. v. H.S.S. Development, Inc., 586 N.E.2d 1284, 1290 (Ill. App. 1992). A plaintiff seeking punitive damages must "establish gross fraud . . . or other extraordinary or exceptional circumstances clearly showing malice or willfulness." Anthony, 75 F.3d at 316 (internal citations and quotation marks omitted). We do not believe that DeMills' allegation that Davis "attempted to assert a right" to interfere with plaintiff's business prospects meets this exacting standard. Specifically, DeMills does not allege that Davis acted maliciously or willfully to damage DeMills' law practice. As we

understand the complaint, DeMills and Davis disagree about whether representing the Conference is compatible with representing individual Conference members.[4] Whichever party is correct, it is apparent that DeMills has not alleged "conduct involving some element of outrage similar to that usually found in crime." See Loitz v. Remington Arms, 563 N.E.2d 397, 402 (Ill. 1990) (quoting Rest. (Second) of Torts § 908, cmt. b (1979)). Accordingly, punitive damages cannot be used to satisfy the jurisdictional amount. In sum, we conclude that Davis has not satisfied his burden to establish what the plaintiff stands to recover in this lawsuit.

## **CONCLUSION**

Plaintiff's Motion to Remand (13) is granted. Pursuant to 28 U.S.C. § 1447(c), this case is hereby remanded to the Circuit Court of Cook County, Illinois, Municipal Department, Fifth District for lack of subject matter jurisdiction.

---

[4]/ Their dispute may be even narrower. At a Rule 16 conference, the parties indicated that the diocese of which Davis' church is a member had retained new counsel to replace DeMills as diocesan attorney. The parties appear to dispute the scope of that decision, although Davis seems to concede that DeMills may represent church members in non-church matters and denies interfering with DeMills' ability to do so. In addition, the parties dispute certain unpaid legal bills, but the amounts at issue do not approach the jurisdictional amount.

```
DATE:      May 14, 2008

ENTER:     _____

           John F. Grady, United States District Judge
```